**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THERESA C. MUELLER** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 15-1905** |
| | : | |
| **HARRIET MUELLER MAYERNICK** | : | |

**MEMORANDUM OPINION**

**Savage, J.** **September 22, 2015**

In moving to dismiss this breach of contract action, the defendant argues that the federal court should abstain and dismiss the action under *Younger v. Harris*, 401 U.S. 37 (1971), because there is pending related litigation in the New York Surrogate's Court. She also contends that the complaint fails to state a cause of action for breach of an enforceable contract.

Because proceeding with this action will not interfere with the Surrogate's Court's proceedings, we conclude that *Younger* abstention is not appropriate. We also find that the complaint sufficiently states a cause of action for breach of contract. Therefore, we shall deny the motion to dismiss.

**Facts**[1]

The dispute arises out of two alleged oral contracts between two sisters. The first contract involves payments made to one sister by her parents; and the second, payments from one sister to the other.

Plaintiff Theresa Mueller claims that the defendant Harriet Mueller Mayernick

[1] The recitation of the facts, accepted as true for purposes of the motion, are as alleged in the complaint.

agreed to pay her one-half of the total amount of funds that their parents transferred to Mayernick during their lifetimes. On December 31, 1999, Mayernick agreed that

> once both parents were deceased, [Mayernick] would 'even-out' the unequal amounts paid to her by either or both of their parents (or to third parties on [Mayernick's] behalf) from that point forward by paying [Mueller], promptly upon the death of the last of their parents to die, fifty (50%) percent of any and all funds provided to [Mayernick] by her parents (including payments made to third parties on [Mayernick's] behalf) from that point forward, with statutory interest thereon.[2]

In exchange, Mueller agreed not to oppose the transfers to Mayernick.[3]

Relying on her sister's promise, Mueller did not criticize or challenge her parents' payments to Mayernick.[4] Between December 31, 1999, and May, 2003, her parents transferred a total of $83,885.82 to Mayernick; and, after their father's death in 2003, her mother transferred an additional $69,111.60.[5] Despite Mayernick's promise to satisfy this obligation after their parents died, she has not done so.[6]

Mueller, herself, loaned $27,930 to Mayernick.[7] She made thirty-eight separate payments to Mayernick between March 25, 1996 and October 3, 2011.[8] According to

---

[2] Compl. ¶ 41.

[3] Compl. ¶ 42.

[4] Compl. ¶ 47.

[5] Compl. ¶¶ 46-50.

[6] Compl. ¶¶ 9, 74, 79, 91. Counts 1 and 3 concern the alleged December 31, 1999 agreement.

[7] Compl. ¶ 59.

[8] Compl. ¶ 59.

Mueller, Mayernick "expressly and unambiguously" agreed to repay her "promptly after the passing of their last surviving parent."[9]

The parties' father predeceased their mother who died intestate in September, 2012.[10] In December, 2013, Mueller, as co-administrator of her mother's estate with her sister, initiated proceedings in the Surrogate's Court for Westchester County, New York.[11] In that proceeding brought on behalf of the estate, she seeks approximately $551,539.32 from Mayernick, which she contends were loans.[12] In the Surrogate's Court action, Mayernick claims that the money transferred to her from her mother was a gift, not a loan.[13]

On April 13, 2015, Mueller filed this action. She asserts breach of contract and unjust enrichment causes of action the payments made by the parents and those made by Mueller herself. Mayernick has moved to dismiss the complaint on two grounds. First, Mayernick argues that we must abstain and dismiss this action because proceeding would interfere with the Surrogate's Court's litigation concerning the same

---

[9] Compl. ¶¶ 55, 59.

[10] Compl. ¶¶ 50, 62.

[11] Compl. ¶ 10. In December, 2013, Mueller initiated proceedings against Mayernick to resolve disputes in their mother's estate in New York State Surrogate's Court in Westchester County. This litigation is *In re Lisa Mueller*, Docket No. 2012-2530/B. Mueller and Mayernick's father died in May, 2003. Compl. ¶ 46. Pursuant to his will, his estate was left to his wife, Mueller and Mayernick's mother, who survived him. Def's Mot. to Dismiss Compl. ("Mot. to Dismiss") Ex. B ("Last Will and Testament of Klaus W. Mueller") at 1 (Doc. No. 19). Lisa Mueller died intestate in September 2012. *See* Compl. ¶¶ 9, 62.

[12] Compl. ¶ 10. The transfers at issue in the Surrogate's Court proceeding reach back only as far as September 2006 due to the applicable statute of limitations. The present federal action deals with transfers outside the Surrogate's Court limitations period, namely December 31, 1999, to September 2006. *See* Compl. ¶¶ 12, 60.

[13] Compl. ¶ 11.

funds.[14] Mueller contends that her federal action is merely a breach of contract action between two living individuals, and the Surrogate's Court proceeding involves the administration of an estate. She maintains that proceeding with this action will not interfere with an important state interest implicated by the pending state court proceeding.

In her motion to dismiss, Mayernick characterizes this action as an attempt to circumvent the normal administration of her parents' estate in the New York Surrogate's Court.[15] She "vigorously denies" that she agreed to pay anything to Mueller upon the death of their parents.[16] Alternatively, Mayernick requests a stay pending the outcome of the New York litigation.[17]

Second, Mayernick contends that Mueller has failed to state a claim upon which relief can be granted. She argues that the terms of the alleged oral contract are too vague to be enforceable. More specifically, she maintains that the "consideration . . . was set forth in terms so vague, ambiguous and uncertain that it would be impractical, if not impossible, for a fact finder to determine whether the supposed obligations were met or breached."[18]

## ***Younger*** **Abstention**

Federal courts may abstain from deciding cases where exercising jurisdiction would interfere with ongoing state court proceedings involving the same subject matter

---

[14] Mot. to Dismiss at 6.

[15] Mot. to Dismiss at 1-2.

[16] Mot. to Dismiss at 4.

[17] Mot. to Dismiss at 1.

[18] Mot. to Dismiss at 10.

in only three categories of "exceptional" cases. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). They are: (1) criminal proceedings; (2) civil enforcement proceedings that are "akin" to criminal proceedings; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* (quoting *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989)). If the state court proceeding does not fall within any of these categories of exceptional cases, *Younger* abstention is not appropriate.

If the case falls into an exceptional category, we must then determine whether it satisfies the three *Middlesex* conditions for *Younger* abstention.[19] *Gonzalez v. Waterfront Comm'n of New York Harbo*r, 755 F.3d 176, 182-83 (3d Cir. 2014). These requirements are: (1) the state judicial proceeding is ongoing; (2) the state proceeding implicates an important state interest; and (3) the state proceeding provides an adequate opportunity to raise any federal claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Gonzalez*, 755 F.3d 176 at 182-83.

The mere existence of parallel state proceedings does not justify abstention. Only if deciding the federal action will interfere with the state court proceeding will the federal court consider abstaining. Conversely, where there is no interference, the federal court must decide the case over which it has jurisdiction. *Sprint,* 134 S. Ct. at 591. Thus, the threshold question in the abstention inquiry is whether deciding the federal action will interfere with ongoing state proceedings.

Here, we conclude that proceeding with this federal action will not interfere with

[19] Before the *Sprint* decision, courts, including the Third Circuit, interpreted the three *Middlesex* conditions as the only requirements for abstention. In *Sprint*, the Supreme Court explicitly stated that "the three *Middlesex* conditions . . . [are] not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." *Sprint*, 134 S. Ct. at 593 (emphasis in original).

the Surrogate's Court's decision-making and enforcement. Therefore, abstention is not appropriate.

Whether the payments were gifts or loans has no bearing on this contract action. The ultimate ruling in the Surrogate's Court will not determine whether the sisters had a contract. If the Surrogate's Court decides that the parents' payments to Mayernick were loans, she will have to reimburse the estate. In that event, Mueller, as an equal beneficiary of the estate, will receive one-half of those payments upon distribution of the estate. On the other hand, a finding that the payments were gifts would result in absolving Mueller from reimbursing the estate, but it not would resolve the question of whether the sisters had a contract, obliging Mayernick to reimburse Mueller.

Reaching Mueller's claims in this federal action will not require us to determine whether Mayernick owes money to the estate or whether the estate owes money to Mueller. Here, the issue is whether there exists an oral contract between Mayernick and Mueller that was breached by Mayernick. Mueller's contract claim does not involve an agreement with either or both of her parents. Rather, it is about an agreement between her and Mayernick.[20]

In order to determine whether there was a breach of a contract and whether Mayernick was unjustly enriched, we need not address matters regarding the administration of Lisa Mueller's estate, matters solely within the province of the Surrogate's Court. In short, the outcome of the federal action will not affect the administration of Lisa Mueller's estate and proceeding with this contract action will not

[20] Compl. ¶ 41.

interfere with the litigation pending in the Surrogate's Court.[21]

Having determined that proceeding with this case will not interfere with the Surrogate's Court proceeding, there is no need to consider whether this case fits within an exceptional case category or to evaluate the *Middlesex* conditions. There is no reason to abstain.

**Sufficiency of the Complaint**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A "formulaic recitation of the elements of a cause of action" is not sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (citation omitted). The complaint must include factual allegations, which if proven, would establish all the material elements necessary to make out a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. 544 at 556).

In Pennsylvania,[22] to state a breach of contract cause of action, the plaintiff must allege: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages resulting from the breach. *Vives v. Rodriguez,* 849 F. Supp. 2d 507, 515 (E.D. Pa. 2012) (citing *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. 2004)). Mueller has done so.

[21] We reach this conclusion independent of the plaintiff's assertion that the funds at issue in the Surrogate's Court are different from the funds at issue in this proceeding.

[22] Pennsylvania law controls. The alleged contract was formed and the payments were made in Pennsylvania.

Mueller alleges that she and her sister reached an agreement at a family party on December 31, 1999. Whether Mueller can prove the existence of a contract is another matter. At this point, she need only allege facts, which if proven, would establish that there was an agreement containing its essential terms and supported by consideration, Mayernick breached it, and Mueller suffered damages. Mueller's complaint sufficiently alleges each of these elements. Therefore, she has stated a cause of action for breach of contract.

**Conclusion**

*Younger* abstention is not appropriate because proceeding with this action will not interfere with the Surrogate's Court proceeding. Therefore, we shall deny the motion to dismiss.